By the Court.—-Sedgwick, Ch. J.
—The most important question on the part of the appellant, relates to the obligation of the plaintiff to show that she was free from negligence that contributed to the injury. It is maintained that she did not give sufficient proof on this point to justify it being submitted to the jury.
The plaintiff’s injury was a consequence of falling to the ground as she was descending a flight of steps leading from the defendants’ elevated railroad. That part of the steps from which she fell was not lighted by the defendants. *252 There had. been a light, but it was not burning at the time of the accident.
The argument is as follows : that the plaintiff knew, long before she fell, that the descent was very dark ; that she felt ahead very carefully with her foot for every step ; that thinking she was at the bottom, when in reality she was three or four steps up, she stepped out, as though the bottom had been reached, and was precipitated with great force; that if' she had continued to feel ahead with either foot she would have been safe ; that her a'ccident arose from her not feeling for the step; that the fact was that, thinking she was at the bottom, she took a longer reach with her foot than she would have done if she intended to' place it upon the step, and stepped beyond the edge of the next step and fell. She testified that she put her foot out, thinking she was surely at the bottom, and did not feel with her foot as she had before, when she was higher on the stairway.
As part of the argument, it is assumed that the evidence incontrovertibly shows that when she fell, she was three or four steps up, or thought she was. She said she was sure she was three or four steps up, but the general character of the testimony she gave as to the'facts, shows that this was not an observation made by her at the time, but a reflection after the fall and when she was suffering and excited. At least, the jury could have so found properly, for the actual incidents that she testified to would have been supported an inference, that she did not fall three or four steps. For instance, as she fell, her hand touched a railing that was at the bottom, some distance from the last step. The jury could have found that she could not have touched this railing if she had fallen from a third or fourth step up.
The argument that has been stated would have no force, if it were a question for the jury as to whether or not she used ordinary prudence in believing that she was about to step from the last step. I think it was. She felt for the next step as long as she thought she was not at the bottom. There is nothing to indicate that persons of ordinary pru *253 •deuce would not under the circumstances, especially considering the number of steps she had already taken, believe that the last step had been reached. What ordinary prudence would have dictated was in my judgment a question for the jury.
The other exceptions have been examined, but do not call for a detailed statement. They are not sufficient to justify a reversal of the judgment.
Judgment affirmed with costs and order appealed from affirmed with $10 costs.
Ingraham, J., concurred.